UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**SUNSHINE THREE REAL ESTATE**                    Chapter 11
**CORPORATION,**                                  Case No. 09-17821-JNF
    Debtor

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**SUNSHINE THREE REAL ESTATE**
**CORPORATION,**
    Plaintiff
v.                                                Adv. P. No. 09-01330

**CHARLES J. HOUSMAN, Trustee of Pine Banks**
**Nominee Trust, WALLACE CAPITAL**
**CORPORATION, and STEVEN ROSS, ESQ.,**
    Defendants

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

The matters before the Court are the Defendants' requests for attorneys' fees and costs associated with their successful defense of the above-captioned adversary proceeding. In its Memorandum dated February 18, 2010, pursuant to which the Court granted the Defendants' Joint Motion to Dismiss Adversary Proceeding and denied the Debtor's Motion for Leave to File an Amended Adversarial Complaint, the Court observed that the Defendants had sought attorneys' fees and costs incurred in seeking dismissal of the action pursuant to Fed. R. Bankr. P. 7008(b), but had failed to assert a legal theory in support of

their request.  The Court directed the Defendants to support their request and further granted them an opportunity to submit an application in accordance with MLBR 2016-1 by March 12, 2010.  The Court also afforded the Debtor the opportunity to file a Reply Memorandum.

On March 12, 2010, the Defendants, Charles J. Housman, Trustee of Pine Banks Nominee Trust ("Pine Banks"), Wallace Capital Corporation ("Wallace"), and Steven Ross, Esq. ("Ross") filed an Application for Reimbursement of Legal Fees and Expenses (the "Application") pursuant to 28 U.S.C. § 1927, and Federal Rules of Bankruptcy Procedure 2016 and 7008(b).[1]  Through their Application, the Defendants sought $17,643.50 from Sunshine Three Real Estate Corporation (the "Debtor"), Roberta A. Golden ("Golden"), the sole owner of the Debtor, Peter A. Poulos ("Poulos"), the President of the Debtor and Golden's husband, and Gershon M. Gulko, Esq. ("Gulko"), the Debtor's attorney.[2]  In particular, the Defendants sought an award of $15,972.50 representing legal fees and expenses paid to K & L Gates LLP ("K & L") by Pine Banks and Ross, and an award of $1,671.00 representing legal fees and expenses paid to Gilmartin, Magence & Ross LLP

---

[1] The Defendants did not seek sanctions under Fed. R. Bankr. P. 9011.

[2] The Debtor, in its capacity as the estate representative, is the Plaintiff in this adversary proceeding.  Golden is not a party in this adversary proceeding as the Court denied the Plaintiff's Motion for Leave to File an Amended Adversarial Complaint to add her as a Plaintiff.  Poulos is not a party to the adversary proceeding but filed an affidavit in support of certain of the Plaintiff's requests for relief.

("GMR") by Wallace.[3]

In addition to their Application, the Defendants filed a Memorandum of Law asserting the reasons why this Court should award attorneys' fees and expenses to them from the Debtor, from Golden and Poulos personally, and from Gulko pursuant to this Court's inherent power to issue sanctions, as well as from Gulko pursuant to 28 U.S.C. § 1927 for "his vexatious and unreasonable multiplication of proceedings before this Court."

In their Memorandum, the Defendants maintain that the Debtor's litigation of the adversary proceeding was sufficiently egregious for the Court to exercise its discretionary, inherent power to sanction the Debtor, its counsel, Golden and Pooulos by awarding them their attorneys' fees and costs. They maintain that because the Debtor attempted to add Golden as a co-plaintiff and Golden and Poulos placed themselves before the Court by verifying the Debtor's proposed amended adversarial complaint and certain other pleadings, the Court has inherent authority to sanction them. In support of their request for fees against Golden and Poulos personally, the Defendants cite Pearson v. First NH Mortgage Corp., 200 F.3d 30 (1st Cir. 1999), a case in which the Court of Appeals acknowledged the inherent authority of the bankruptcy court to sanction any person who committed fraud on the court, and Jones v. Bank of Santa Fe (In re Courtesy Inns, Ltd., Inc.), 40 F.3d 1084 (10th Cir. 1994), a case in which the Tenth Circuit affirmed a sanction

---

[3] K & L's itemization of fees sets forth the date, the timekeeper, the number of hours worked, a narrative of the task or tasks performed, and the amount of the fee. Similarly, Attorney Eric Potter on behalf of GMR itemized his fees by setting forth the date, a narrative of the task or tasks performed, and the number of hours spent, which totaled 5.57, which he then multiplied by his hourly rate of $300 to yield $1,671.

against the principal of a debtor who had engineered a bad faith filing, the Defendants state:

> Just as Jones was the real actor driving the harassing conduct by way of a shell corporation, Golden and Poulos, a married couple that formed the Debtor in an attempt to rehash (through the Debtor) the same issues and claims which were waived by Golden in a settlement agreement; determined in the Maine state court proceedings; and appealed to the United States Supreme Court.

They add:

> The Debtor's filing of the adversary complaint, moving to amend that complaint, and arguing against dismissal of the proceeding were vexatious, harassing, and bad faith litigation, because the Maine state courts, the United States Supreme Court, and this Court on Pine Banks' motion for relief from the automatic stay had substantially denied the claims and arguments the Debtor reasserted in this adversary proceeding.

The Defendants also argue that sanctions against Gulko under 28 U.S.C. § 1927 are warranted because "Gulko multiplied the proceedings in this Court by initiating the adversary proceeding on behalf of the Debtor to litigate claims Golden petitioned the United States Supreme Court to review." They assert that it is especially appropriate to award sanctions where res judicata and collateral estoppel plainly preclude relitigation of the suit, citing McLaughlin v. Bradlee, 602 F.Supp. 1412 (D. D.C. 1985), *aff'd,* 803 F.2d 1197 (1986).

The Debtor, Gulko, Golden, and Poulos oppose the Defendants' Application, asserting that they failed to comply with MLBR 2016-1. They object to the time records and the amount of hourly charges. Citing F.A.C. Inc. v. Cooperative De Seguros De Vida De Puerto Rico, 563 F.3d 1 (1st Cir. 2009), they also maintain that because of its potentcy, a

court's power to shift attorney's fees and award sanctions should be used sparingly and reserved for egregious circumstances. Additionally, they argue that the bankruptcy court does not have jurisdiction to impose sanctions under 28 U.S.C. § 1927.

The bankruptcy court has the power to sanction the Debtor, parties to the adversary proceeding and the Debtor's attorney pursuant to (1) Fed. R. Bankr. P. 9011;[4] (2) its inherent power; and (3) 28 U.S.C. § 1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

In In re Greene, 422 B.R. 469 (Bankr. S.D.N.Y. 2010), the bankruptcy court succinctly set forth the applicable law with respect to the inherent authority of the bankruptcy court to impose sanctions against parties and their counsel and section 1927 of title 28. It stated:

> "Bankruptcy courts, like Article III courts, enjoy inherent power to sanction parties for improper conduct." Mapother & Mapother, P.S.C. v. Coop§er ( In re Downs), 103 F.3d 472, 477 (6th Cir. 1996); In re 680 Fifth Ave. Assoc., 218 B.R. 305, 323 (Bankr.S.D.N.Y.1998) ("Bankruptcy courts have the same inherent sanction authority as district courts. . . ."). Similarly, bankruptcy courts may sanction attorneys who unreasonably and vexatiously multiply court proceedings pursuant to 28 U.S.C. § 1927. In re Cohoes Indus. Terminal, Inc., 931 F.2d 222, 230 (2d Cir. 1991) (observing that bankruptcy courts "may impose sanctions pursuant to 28 U.S.C. § 1927"); In re Truong, No. 07-12194, 2008 WL 1776227, at *5 (Bankr. S.D.N.Y. Apr. 14, 2008) ("A bankruptcy court may impose sanctions pursuant to 28 U.S.C. § 1927 under the same standard as a district court.") (Peck, J.). . . .

---

[4] The Defendants state in their Memorandum that they do not seek sanctions under Fed. R. Bankr. P. 9011, and, therefore, the Court shall refrain from analyzing the liability of the Debtor, Golden, Poulos, or Gulko under that rule.

-5-

> Courts may use their inherent power to sanction attorneys for actions taken on behalf of a client in the course of litigation, so long as those actions were taken in bad faith. Wilder v. GL Bus Lines, 258 F.3d 126, 130 (2d Cir. 2001) (observing that sanctions are appropriate under court's inherent power "where the attorney has acted in bad faith in the actions that led to the lawsuit or in the conduct of the litigation"); U.S. v. Seltzer, 227 F.3d 36, 41-42 (2d Cir.2000); Lubit v. Chase (In re Chase), 372 B.R. 142, 154-55 (Bankr. S.D.N.Y. 2007). Likewise, courts may sanction attorneys pursuant to 28 U.S.C. § 1927 when an "attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." Revson v. Cinque & Cinque, 221 F.3d 71, 79 (2d Cir. 2000) (quoting Oliveri v. Thompson, 803 F.2d 1265, 1272 (2d Cir. 1986)) (internal quotation marks omitted) (emphasis in original).
>
> The same standard applies to both theories. Oliveri, 803 F.2d at 1273 ("we hold today that an award made under § 1927 must be supported by a finding of bad faith similar to that necessary to involve the court's inherent power"); In re Truong, 2008 WL 1776227, at *5 ("There is no meaningful difference between the type of conduct that is sanctionable under the Court's inherent power and under 28 U.S.C. § 1927 because both require a similar finding of bad faith."). "To impose sanctions under either authority, a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith-that is, 'motivated by improper purposes such as harassment or delay.' " Eisemann v. Greene, 204 F.3d 393, 395-96 (2d Cir.2000) (quoting Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 336 (2d Cir.1999)). Courts require a finding of bad faith to sanction an attorney's actions taken on behalf of a client to ensure that an "attorney's legitimate efforts at mere zealous advocacy for the client" are not punished while keeping courts unencumbered by "litigation that is undertaken in bad faith, vexatiously, wantonly, or for oppressive reasons." Seltzer, 227 F.3d at 40 (quoting Oliveri, 803 F.2d at 1272) (internal quotation marks omitted). Courts must find bad faith based on clear evidence. Revson, 221 F.3d at 79 ("[T]o impose sanctions under either authority, the trial court must find clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes.") (emphasis added).

Greene, 422 B.R. at 473-74.  *See also* F.A.C. Inc. v. Cooperative De Seguros De Vida De Puerto Rico, 563 F.3d 1, 6 (1st Cir. 2009) (A court may award sanctions upon finding that a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons.").

Although courts are divided as to whether bankruptcy courts have jurisdiction to award sanctions under 28 U.S.C. § 1927, the United States Court of Appeals for the Third Circuit and courts in this district have ruled that the bankruptcy court has such authority. S*ee* In re Schaefer Salt Recovery, Inc., 542 F.3d 90, 105 (3d Cir. 2008)(the bankruptcy court has authority to impose sanctions under § 1927); Stone v. Casiello (In re Casiello), 333 B.R. 571, 575 (Bankr. D. Mass. 2005)(same); In re Lincoln North Assoc. Ltd. P'ship, 163 B.R. 403 (Bankr. D. Mass.1993)(same).

In applying the applicable law to the facts of the present case, this Court need not recount the history of the Debtor's Chapter 11 case and the instant adversary proceeding. The Court has issued two lengthy memoranda setting forth the facts and arguments of the parties. The Court incorporates the findings of fact and conclusions of law set forth in those decisions by reference.

For purposes of the Court's ruling on this Application, the Court finds three dates are significant: 1) October 26, 2009, the date on which the Court granted Pine Banks relief from the automatic stay; 2) January 8, 2010, the date on which Pine Banks conducted a foreclosure sale with respect to the Debtor's property located at 140 Stearns Road, Ogunquit, Maine; and 3) January 10, 2010, the date on which the United States Supreme Court entered an order denying the Debtor's petition for certiorari. After January 10, 2010 no legitimate argument could be made that the Plaintiff had any meritorious claims against the Defendants in support of the complaint filed in this Court. Having failed to obtain a stay of the foreclosure sale pending appeal, the Debtor's rights vis à vis the property were

circumscribed and only available through a challenge to the foreclosure sale itself in the appropriate state court forum. While prior to that time the pleadings filed by Gulko on behalf of the Debtor could be construed as the product of desperation or incompetence, following the foreclosure sale and the denial of the petition for certiorari the Debtor's actions and the actions of its counsel in pursuing its claims can only be construed as calculated to delay and harass the Defendants and exhibited bad faith, warranting the imposition of sanctions against the Debtor as Plaintiff and Gulko as its attorney.

Although this Court has no doubt that Golden and Poulos directed the pursuit of the Defendants in this adversary proceeding, the authority cited by the Defendants does not support of imposition of sanctions against them personally. The circuit court decisions relied upon by the Defendants are distinguishable from the instant case. In the Pearson case, the acknowledgment by the Court of Appeals of the bankruptcy court's inherent power to sanction persons other than parties was applied to persons who were alleged to have committed fraud upon the court. Although the Court of Appeals in Jones upheld a sanctions order against a debtor's principal for commencing a Chapter 11 case in bad faith, the basis of the court's award of sanctions against the principal of the debtor was that bankruptcy court had made findings of fact that the principal was the alter ego of the Debtor. Here, although there is some evidence in the record that would support an alter ego finding, namely, that the Debtor is undercapitalized, has no liabilities, and own no assets, other than the property that was foreclosed, the Defendants have not submitted evidence on all of the elements of an alter ego claim to enable the Court to find that eiher

Golden or Poulos are the alter egos of the Debtor. *See* My Bread Baking Co. v. Cumberland Farms, Inc., 353 Mass. 614 (1968). Accordingly, in the context of the request for sanctions, there is an insufficient basis to impose personal liability for sanctions against Poulos or Golden.

In view of the foregoing, the Court shall enter an order, pursuant to its inherent authority and 28 U.S.C. § 1927, granting Pine Banks and Ross reimbursement of legal fees in the sum of $7,498.50 and granting Wallace fees in the sum of $1,200. The award represents the amount of fees incurred by the Defendants on or after January 10, 2010. The Debtor and Gulko shall have joint and several liability for the sanctions award.

By the Court,

*Joan N. Feeney*

Joan N. Feeney
United States Bankruptcy Judge

Dated: April 15, 2010
cc: Gershon M. Gulko, Esq., Charles A. Dale, III, Esq.